## In re Security Trust Company of Pottstown

*Joseph L. Prince* and *Carroll L. Rutter*, for accountants.

*Kratz, Hillegass & Moran*, for exceptants.

CORSON, J., February 1, 1938.—Exceptant, Doris Buckwalter, was born February 18, 1913. After the death of her father, she became entitled to a distributive share in his estate, amounting to $17,045.30. The Orphans'

Court of Montgomery County appointed the Royersford Trust Company as guardian of her estate during her minority.

On July 10, 1932, the Royersford Trust Company was closed and taken over by the Secretary of Banking. The secretary, on July 31, 1933, filed the account of the Royersford Trust Company as guardian of the Doris Buckwalter estate. The Orphans' Court of Montgomery County appointed the Farmers National Bank & Trust Company of Reading, Pa., as substituted guardian for Doris Buckwalter and the Secretary of Banking turned over to the substituted guardian the assets of the Buckwalter estate. When Doris Buckwalter became of age, the substituted guardian filed its account. Among the assets of Doris Buckwalter's estate was a participating interest in a mortgage known as the Samuel Green mortgage, which was originally given to the Royersford Trust Company. In order that this mortgage might be liquidated and the participating interests therein paid off, the Court of Common Pleas of Montgomery County appointed the Security Trust Company of Pottstown, Pa., as liquidating trustee. This appointment was made on February 2, 1934.

In 1937, the mortgage was finally paid off and the present account filed. To this account Doris Buckwalter has filed two exceptions; the first being an exception to the accountant's commission of five percent, in the amount of $375, and the second excepting to the charge of $150 as accountant's attorney fee.

The first question involved, as stated by exceptant, is: "May each of three succeeding fiduciaries of an estate for a definite term of years charge a five percent commission on the principal of said estate in addition to large attorney's fees?"

The second question raised is: "Is the last of the said fiduciaries whose specific duty was the liquidation of a part of said estate [mortgage] entitled to charge five

percent commission as well as a large attorney's fee where the liquidation was accomplished by the attorney for the mortgagor and the attorney for the cestui que trust?"

Both of these questions are based upon the conclusion that the attorney fee, as charged, is large, and also the conclusion that the present accountant is the third of three succeeding fiduciaries of the same estate. We cannot agree that these are the questions involved. The fee in connection with the liquidation of the present mortgage is the only fee that has ever been charged, and this accountant is the first fiduciary engaged in the liquidation of this particular mortgage. The other counsel fees and commissions to which counsel for exceptant refers, including his own counsel fee of $500, were charged by the guardians of the estate of Doris Buckwalter. The present accountant has never been a guardian of Doris Buckwalter and the only connection that the accountant has with Doris Buckwalter is that her estate, during her minority, and later exceptant, in her own right upon reaching her majority, owned a participating interest in the Samuel Green mortgage, the title to which was held by the accountant, trustee, for purposes of liquidation.

Exceptant, in excepting to the commissions and attorney's fee claimed by the accountant, stands in the same position as a person owning a bond representing an interest in a mortgage executed to secure the payment of a number of such bonds. Certainly, under such conditions, the beneficial owner of one of such bonds could not except to the charges made in connection with the foreclosure or liquidation of such mortgage by the trustee, upon the ground that a commission had been charged in her father's estate, and by the guardian of her own estate, upon the value of such bond as an asset of such estate. The accountant, trustee, for purposes of liquidation in the present account, cannot be affected in any way by what commissions or attorney's fees might have been

allowed through the orphans' court to the executors of exceptant's father's estate or to the guardians of this minor to whom the participating interest in the Green mortgage merely passed as an asset of the estate.

Exceptant contends that the liquidation of this mortgage was brought about through the efforts of counsel for exceptant, working with counsel for the mortgagor. Insofar as the accountant, however, is concerned, whatever services were rendered by counsel for exceptant and the mortgagor must be treated as voluntary and can only be considered insofar as such services may have lightened the labors of the accountant or counsel for the accountant.

Counsel for exceptant, however, does not seem to argue seriously that the attorney's fee or commission would have been excessive except for the fact that commissions were charged in the Buckwalter estates as already noted. A reading of the depositions would seem to show that the liquidation of this mortgage was actually brought about through the fact that the accountant, not in its capacity as trustee, but through its banking department, loaned the money to the mortgagor which enabled him to pay off the mortgage in question and allow the interests in such mortgage, including the interest of Doris Buckwalter, to be paid off. Pressure by counsel for exceptant appears to have been brought upon the mortgagor and such pressure may have accelerated the payment and the liquidation of this mortgage, but such pressure was applied by counsel in his capacity as counsel for Doris Buckwalter. The undoubted fact that the same counsel did everything he could to see that the mortgage was paid off cannot take away the right of the accountant to charge the usual commission and an attorney's fee, which counsel states to be less than the minimum fee provided by the bar association if the estate had been in the orphans' court.

And now, February 1, 1938, for the reasons given in the foregoing opinion, it is ordered, adjudged, and de-

creed that the exceptions of Doris Buckwalter be, and are, hereby dismissed. An exception is allowed to exceptant.